UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRIAN FISCHLER,
                     Plaintiff,

-v-

KAMIN HEALTH LLC,
                     Defendant.

22-CV-1565 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

In February 2022, Plaintiff Brian Fischler sued Defendant Kamin Health LLC ("Kamin") for Americans with Disabilities Act violations. Kamin was served on March 23, 2022 and an answer was due on April 13, 2022. (Dkt. No. 5.) To date, Kamin has not filed a notice of appearance and has not responded to the Complaint.

On June 15, 2022, this Court issued an order directing Fischler to notify the Court whether he intended to move for default judgment or whether he had received any communication from Kamin or its counsel regarding a response to the Complaint. (Dkt. No. 6.) The Court warned Fischler that if he failed to file a letter concerning the status of the case or move for default judgment on or before July 1, 2022, this action could be dismissed for failure to prosecute. (*Id.*) Fischler did not comply with the Court's Order.

Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action "if the plaintiff fails to prosecute or to comply with the rules or a court order." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014). It is settled that Rule 41(b) "gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001). Dismissal without prejudice is appropriate here. First, Fischler has "caused a delay of significant duration." *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375

1

F.3d 248, 254 (2d Cir. 2004).  Second, Fischler was "given notice that further delay would result in dismissal."  *Id.*  Third, there is prejudice where Fischler has caused an "unreasonable delay."  *Lesane*, 239 F.3d at 210.  Fourth, dismissal without prejudice appropriately strikes a balance "between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard."  *Id.* at 209.  Fifth, Fischler's disregard of prior court orders necessitates dismissal.  *See id.*

Accordingly, this action is dismissed without prejudice.

The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: August 3, 2022
New York, New York

_____
J. PAUL OETKEN
United States District Judge